```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 10/23/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRZEJ MIODUSZEWSKI,

                      Plaintiff,

-against-

POLISH & SLAVIC FEDERAL CREDIT UNION, *et al.*,

                      Defendants.

**ORDER**

18 Civ. 9346 (ER)

Ramos, D.J.:

      Plaintiff brings this *pro se* action alleging that Defendants violated his constitutional rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). And "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

      Plaintiff alleges that the Polish & Slavic Federal Credit Union and members of its board of directors have engaged in financial mismanagement and other improprieties. Attachments to the Complaint show that there has been extensive state court litigation, originating in Kings

County Supreme Court.  All the parties to this action reside in Brooklyn, New York, with the exception of one Defendant, the National Credit Union Association, which is located in Virginia.

Because Plaintiff does not allege that any Defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2).  Plaintiff's claims arose in Kings County, located in Brooklyn, New York, which is in the Eastern District of New York.  *See* 28 U.S.C. § 112(c).  Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, to note service on the docket, to transfer this action to the United States District Court for the Eastern District of New York, and to close this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated:   October 23, 2018
         New York, New York

_____
Edgardo Ramos, U.S.D.J.